UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC E. WALKER,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>ERIC ARNOLD, Warden,<br><br>　　　　　　　　　Respondent. | Case No.:  16cv2430 LAB(BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS AND (2) DENYING PETITIONER'S MOTION TO AMEND THE PETITION AND ORDER DENYING PETITIONER'S (1) REQUEST FOR EVIDENTIARY HEARING AND (2) REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 21, 25 and 29]** |

　　　　This Report and Recommendation is submitted to United States District Judge Larry Alan Burns pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.  On September 20, 2016, Petitioner Cedric Walker, a state prisoner proceeding *pro se*, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254 in the Eastern District of California.  ECF No. 1 ("Pet."). Petitioner challenges his sentence "on priors not brought & tried separately" and the court's failure to "provide a waiver of rights." Id. at 5-7.

　　　　On September 27, 2016, the matter was transferred to the Southern District of California

1

because "any and all witnesses and evidence necessary for the resolution of petitioner's application are more readily available in San Diego County." ECF No. 3 at 1. On October 13, 2016, the Court dismissed the Petition without prejudice, and informed Petitioner that he must provide the Court with the $5 filing fee or adequate proof that he could not pay the $5.00 filing fee in order to have the case reopened. ECF No. 7. On November 18, 2016, Petitioner filed a motion to proceed *in forma pauperis* and the case was reopened. ECF No. 13. On December 13, 2016, the Court denied Petitioner's motion to proceed *in forma pauperis* [see ECF No. 13], dismissed the Petition without prejudice, and informed Petitioner that since his prison trust account reflected a balance of $9.44 and the filing fee was $5.00, Petitioner could pay the filing fee. ECF No. 15. On February 28, 2017, the Court granted Petitioner's motion for reconsideration of the Court's denial of his motion to proceed *in forma pauperis*. ECF Nos. 16-18. On March 1, 2017, the Court issued a briefing schedule requiring Respondent to file a motion to dismiss by May 1, 2017, and Petitioner to file an opposition by June 1, 2017. ECF No. 19. Currently before the Court is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus because it is untimely. ECF. No. 21-1 ("MTD"). On June 1, 2017, Petitioner constructively filed an opposition,[1] motion to amend/date back to the original petition, and lodgments. ECF 25 & 27 ("Oppo.").[2] On June 21, 2017, Petitioner filed a "Traverse Clarification" and "Request for Civil Law Rules" which was accepted by the Court on discrepancy on June 29, 2017. ECF Nos. 28-29.

For the reasons set forth below, the Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

## **FACTUAL AND PROCEDURAL BACKGROUND**

On February 9, 1996, an information was filed charging Petitioner with one count of

---

[1] Petitioner titled his response as a traverse. ECF No. 27.

[2] ECF Nos. 25 and 27 appear to be the same document which has been entered onto the docket twice with different docket descriptions. See Docket.

residential burglary. Lodgment 1 at 1. On May 22, 1996, the jury found Petitioner guilty and convicted him of first degree burglary. Id. at 218. The trial court found true three prison priors within the meaning of penal code section 667.5(b), three serious felony prior convictions within the meaning of penal code section 667(a)(1), and three serious/violent felony prior convictions within the meaning of penal code section 667(b-(i)). Lodgment 6 at 1-2. On July 25, 1996, Petitioner was sentenced to an indeterminate term of forty years to life including twenty-five years to life for residential burglary and fifteen years for the serious felony priors. Id. at 2.

On March 28, 1997, Petitioner filed a timely notice of appeal challenging his conviction and sentence. Lodgment 3. On September 9, 1997, the Court of Appeal, Fourth Appellate District, Division One, affirmed the sentence and judgment. Lodgment 6. On October 10, 1997, Petitioner filed a petition for review in the California Supreme Court, which was summarily denied on November 19, 1997. Lodgments 7 and 8.

Between 1998 and 2002, Petitioner filed numerous habeas corpus petitions in the California state courts at the trial, appellate and Supreme Court levels challenging a variety of issues including the legality of his sentence. See Lodgments 9, 10, 12, and 13. Due to the age of the filings, Respondent was unable to obtain copies of all of the documents. MTD at 2, n2 and 3, n3. Accordingly, some of the precise dates and challenges are unknown. Id. However, the final opinion denying Petitioner's habeas challenges was issued by the California Court of Appeal on October 4, 2002. Lodgment 14.

Petitioner did not file another habeas petition until 2015. On May 14, 2015, Petitioner filed a petition for writ of habeas corpus in the Superior Court of California, San Diego, alleging that prison authorities were interfering with his ability to use the prison grievance appeal process. ECF No. 25 at 26-28; see also ECF No. 27 at 26-28. In 2016, Petitioner filed additional habeas petitions in various state courts challenging a variety of issues. Lodgments 15, 17, 18, 19, 21, and 23.

Petitioner constructively filed the instant petition on September 20, 2016. Pet. Petitioner argues that (1) he was sentenced on priors that were not brought and tried separately, per Penal Code Section 667(a)(1) and that (2) the court failed to provide a waiver of rights during

his change of plea hearing. Pet. at 5-7.

On June 1, 2017, Petitioner filed a Traverse/Motion to Amend/Date Back to the Original Petition/Lodgments. ECF Nos. 25-27.

On June 21, 2017, Petitioner filed a "Traverse Clarification" and "Request for Civil Law Rules." ECF Nos. 28-29. In the document, Petitioner notes that he received a discrepancy notice for another pleading he attempted to file that included a Traverse, Motion to Amend, and Lodgments [see ECF Nos. 25 and 27]. ECF No. 29 at 1. Petitioner reminds the Court that he is not a lawyer and is proceeding *pro se* and argues that he "can not [sic] be expected to know all Civ. L. Rules." Id. Petitioner states that the motion to amend the petition attached to his traverse is a separate petition and a very important exhibit to his traverse. Id. at 1-2. Petitioner further explains that the original petition he filed in this matter [see Pet.], should be treated as Exhibit C to the traverse[3] "as well as an amended separate petition filed nunc pro tunc in this Court." Id. at 2. Petitioner requests that a copy of the civil local rules be sent to him so that he may more easily comply with the rules.[4] Id. Finally, Petitioner states that he plans to "make an addition [sic] petition for the separate motion to amend as soon as access to the law library is allowed." Id.

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claim:

---

[3] The Court notes that Respondent in this matter filed a motion to dismiss the petition for writ of habeas corpus and did not file an answer. ECF No. 21. Accordingly, Petitioner's substantive response to the motion is an opposition not a traverse. ECF No. 19. Petitioner also dedicates several pages to what a proper answer should include and how Respondent failed to satisfy those requirements. ECF No. 25 at 6-13; see also ECF No. 27 at 6-13. Again, Respondent did not file an answer in response to Petitioner's petition and was not obligated to comply with the requirements for an answer.

[4] Because Petitioner's habeas petition is untimely and because the Court is recommending dismissal, Petitioner's request for a copy of the Local Rules of Practice for the United States District Court for the Southern District of California is **DENIED**.

4

16cv2430-LAB(BLM)

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (2006 & Supp. 2016).

## DISCUSSION

Respondent contends that the Petition should be dismissed as untimely. MTD at 3-7. Petitioner argues that his petition is timely because the AEDPA time limits are statutorily tolled when, as here, petitioner files a motion to vacate an illegal sentence. ECF No. 25 at 3; see also ECF No. 27 at 3.

**I.  The AEDPA Statute of Limitations**

The AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d) (2006 & Supp. 2016). Section 2244(d)'s one-year limitations period applies to all habeas petitions filed by persons "in custody pursuant to the judgment of a State court." Id. § 2244(d)(1). The one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D).

The California Court of Appeal affirmed the judgment of the trial court on September 9, 1997. Lodgment 6. The California Supreme Court denied Petitioner's petition for review on November 19, 1997. Lodgment 8. Petitioner did not file a petition for certiorari with the United States Supreme Court so the statute of limitations began to run ninety days later on February 17, 1998. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (limitations period does not begin until after expiration of ninety-day period for seeking certiorari). Absent tolling, the limitations period expired one year later on February 17, 1999. Because Petitioner did not file his federal habeas petition until September 20, 2016, the petition is untimely unless sufficiently tolled.

## A. Statutory Tolling

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999) (overruled on other grounds by Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir 2008)). An application for state post-conviction review is considered "pending" during the interval between the lower state court's adverse decision and the prisoner's filing of a notice of appeal in the higher state court, provided that the filing of that notice is timely under state law. Carey v. Saffold, 536 U.S. 214, 222-25 (2002). In California, where habeas decisions are not appealed but may be filed originally in each court, "pending" includes a reasonable time, such as thirty to sixty days, between a decision and a subsequent filing. Evans v. Chavis, 546 U.S. 189, 201 (2006) (holding that an unjustified and unexplained six-month delay is presumptively unreasonable). However, the statute of limitations is not tolled after state habeas proceedings are final and before federal habeas proceedings are initiated. See 28 U.S.C. § 2244(d)(2). Additionally, the statute of limitations is not tolled "from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino, 183 F.3d at 1006.

Here, because Petitioner filed numerous habeas petitions in state court between 1998 and October 4, 2002 and because the precise dates of filing are unknown, the Court will give

6

Petitioner the benefit of the uncertainty and find that the statute of limitations for AEDPA was tolled from February 17, 1998 to October 4, 2002, the date the appellate court denied Petitioner's last habeas petition. Under this generous calculation, Petitioner had until October 4, 2003 to file his federal habeas petition. Petitioner did not file a federal habeas petition until September 20, 2016. Pet. Thus, unless Petitioner can establish an entitlement to equitable tolling, the instant petition is time barred.

### B. Equitable Tolling

The United States Supreme Court has held that the AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). While equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), it is appropriate where a habeas petitioner demonstrates two specific elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The bar is set high to effectuate "AEDPA's 'statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" Guillory v. Rose, 329 F.3d 1015, 1017 (9th Cir. 2003) (citing Carey, 536 U.S. at 226). Whether a petitioner is entitled to equitable tolling depends on a fact-specific inquiry. Holland, 560 U.S. at 650.

"The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'" Id. at 653 (citations omitted). The purpose of requiring the petitioner to show diligence "is to verify that it was the extraordinary circumstance, as opposed to some act of the petitioner's own doing, which caused the failure to timely file." Doe v. Busby, 661 F.3d 1001, 1012–13 (9th Cir. 2011) (citations omitted). To determine whether a petitioner has been diligent, courts consider "the petitioner's overall level of care and caution in light of his or her particular circumstances." Id. at 1013.

Respondent argues that Petitioner is not entitled to equitable tolling because he has not alleged any grounds entitling him to equitable tolling. MTD at 5-6. Specifically, Respondent contends that there is nothing in the record suggesting Petitioner's failure to timely file his

7

Petition was due to an extraordinary circumstance beyond his control. Id. at 6. Petitioner has not presented any argument that he is entitled to equitable tolling, nor has he presented any evidence that would support such an argument. Oppo.; see also Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (Petitioner bears the burden of establishing his entitlement to equitable tolling).

Because Petitioner has not shown that he diligently pursued his legal interests and that some extraordinary circumstances prevented timely filing, he has not met his burden and is not entitled to equitable tolling under Holland. Accordingly, Petitioner's petition is untimely.

### C. **Petitioner's Arguments**

Petitioner argues that his sentence is illegal and that therefore there is no statute of limitations or the statute of limitations is tolled. ECF No. 25 at 2-3; see also ECF No. 27 at 2-3. In making this argument, Petitioner relies on a variety of statutes, cases, and arguments that are inapplicable to the instant case. For example, Petitioner relies on 28 U.S.C. § 2255 to argue that his petition is a timely motion to vacate, set aside, or correct his sentence. ECF No. 25 at 4; see also ECF No. 27 at 4. Section 2255 governs challenges to federal sentences, not state court convictions and sentences and is therefore inapplicable to this case. In addition, habeas challenges to federal sentences also have a one year statute of limitations. See 18 U.S.C. § 2255(f). Similarly, Petitioner argues that he is able to challenge his sentence via a petition for writ of habeas corpus at any time because "California courts do not consistently apply untimeliness bar[s] to habeas corpus claims" and "in California courts there is no specific deadline for filing a state habeas corpus petition." ECF No. 25 at 3 and 9; see also ECF No. 27 at 3 and 9. While both of Petitioner's statements are true in some respects, they are not applicable to Petitioner's habeas petition or the instant motion to dismiss. Here, the Court's decision is not based on a state court "untimeliness bar," and the Court has given Petitioner credit for the fact that California does not have specific deadlines for filing habeas petitions by providing statutory tolling for the entire time his state court petitions were being litigated from 1998 to 2002. See supra, Part A.

Petitioner's arguments and cited legal authority do not apply to Petitioner's current

8

16cv2430-LAB(BLM)

habeas petition challenging his 1996 state court sentence. Because Petitioner's petition is untimely under the AEDPA rules, this Court **RECOMMENDS** that Respondent's Motion to Dismiss the Petition be **GRANTED** and that Petitioner's Petition for Writ of Habeas Corpus be **DISMISSED** with prejudice.

## **MOTION FOR EVIDENTIARY HEARING**

Included with Petitioner's traverse/motion to amend/lodgments, was a request for an evidentiary hearing. ECF No. 25 at 15; see also ECF No. 27 at 15. Petitioner merely states that for the reasons stated in his traverse, "an evidentiary hearing is necessary to determine the true nature of the facts alleged in the motion to [] dismiss." Id.

Rule 8(a) of the Rules Governing Section 2254 Cases in The United States District Courts states that:

> Determining Whether to Hold a Hearing. If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

"The decision to grant an evidentiary hearing in a federal habeas case is left to the sound discretion of the district courts." Rettman v. Fisher, 2017 WL 1375201, at *4 (E.D. Cal. Apr. 17, 2017) (citing Schiro v. Landrigan, 550 U.S. 465 (2007)). However, a federal evidentiary hearing is unnecessary if the petitioner's claim can be resolved on the existing record. Id. (citing Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998)). Conclusory allegations, unsupported by specific facts, do not warrant an evidentiary hearing. Id. (citing Williams v. Woodford, 384 F.3d 567, 589 (9th Cir. 2002)). "An evidentiary hearing should be granted when a Movant 'makes a good-faith allegation that would, if true, entitle him to equitable tolling.'" Laughing v. United States, 2017 WL 2437367, at *2 (D. Ariz. June 6, 2017) (quoting Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (quoting Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003)).

Here the Court is recommending that Respondent's motion to dismiss be granted. In reaching its decision, the Court concluded that Petitioner is not entitled to equitable tolling. See *supra* Part B. Petitioner did not make any allegations to the contrary in his opposition or present

any arguments which if true would entitle him to equitable tolling. Oppo. Accordingly, the Court does not find that an evidentiary hearing is warranted and **DENIES** Petitioner's motion for an evidentiary hearing.

## MOTION FOR APPOINTMENT OF COUNSEL

After requesting an evidentiary hearing, Petitioner states that he "further requests an appointment of counsel to aid Petitioner in any such hearing ordered." ECF No. 25 at 15; see also ECF No. 27 at 15.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. See McClesky v. Zant, 499 U.S. 467, 495 (1991); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Chaney, 801 F.2d at 1196. Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. See Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition).

The court's discretion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1), may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).[5] "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Because the Court is denying Petitioner's motion for an evidentiary hearing, the Court is

---

[5] The Terrell court cited to 28 U.S.C. § 1915(d), but the legislature subsequently renumbered this section as 28 U.S.C. § 1915(e)(1).

not required to appoint counsel. See Knaubert, 791 F.2d at 728-30. Having considered Petitioner's likelihood of success on the merits, and his ability to articulate his claims for relief *pro se*, the Court denies Petitioner's request for appointment of counsel. A review of the pleadings filed by Petitioner in this case shows that Petitioner has a sufficient grasp of his case and the legal issues involved, and is able to adequately articulate the basis of his claims. See ECF Nos. 1, 8, 11, 13, 17, 24, 25, 27, and 29. The Court also finds that Petitioner has not established a likelihood of success on the merits since the Court is recommending that Respondent's motion to dismiss be granted. See Terrell, 935 F.2d at 1017. Under these circumstances, the Court concludes that this habeas proceeding does not present "exceptional circumstances" justifying the appointment of legal counsel. Id. Accordingly, Petitioner's request for assignment of Counsel is **DENIED**.

## MOTION TO AMEND PETITION

In the caption of his opposition, Petitioner states that the document includes a "Motion to Amend/Date Back to the Original Petition HC15688/D069809 per 28 U.S.C. 2242." ECF No. 25/27 at 1. The body of the document does not address this motion. Id. In a subsequent pleading, Petitioner states

> Petitioner would like to clarify for the record, that though the motion to amend petition, attached to the timely filed traverse is a separate petition, now filed nunc pro tunc, it is still with all intents and purposes a very import exhibit to the traverse, filed in response to the answer in Case No. 3:16cv-02430 LAB(BLM), and references as such, consisting of over 200 pages in support of Petitioner's Traverse, filed in this Court. Exhibit "C," the original petition filed in this Case on January 13, 2016, should be treated as Exhibit "C" to the Traverse, as well as an amended separate petition filed nunc pro tunc in this court.

ECF No. 29 at 1-2. At the end of the pleading, Petitioner states that he "will make an addition [sic] petition for the separate motion to amend as soon as access to the library is allowed." Id. at 2.

The Court has reviewed Petitioner's lengthy filings and has not found a motion to amend. Exhibit "C" to the Traverse contains the habeas pleadings filed in state court. ECF No. 27 at 47-254. Exhibit "C" to the original petition is the probation officer's report. ECF No. 1 at 24-32. As

such, the Court does not know precisely what argument, if any, Petitioner intends to make.

Case number HC15688 is assigned to the habeas petition filed in 2016 by Petitioner in the San Diego Superior Court and transferred to the Del Norte Superior Court. See ECF No. 25 at 26-28; see also ECF No. 27 at 26-28. Case number D069809 is assigned to the habeas petition filed by Petitioner in the California appellate court in 2016. Id. at 21-23. The instant federal habeas petition does not relate back to either of the state habeas petitions identified by Petitioner in the caption. Even if it did, both of the state petitions were filed in 2016 so the relation back doctrine would not make the instant petition timely. Accordingly, the Court **RECOMMENDS** that Petitioner's request to amend the instant petition be **DENIED** or that the petition be decided without waiting for Petitioner to file a motion to amend.

## **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation, (2) finding that the Petition is not timely, and (3) directing that Judgment be entered **GRANTING** Respondent's Motion to Dismiss and dismissing the petition with prejudice.

**IT IS ORDERED** that no later than **September 15, 2017** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **October 6, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: 8/17/2017

Hon. Barbara L. Major
United States Magistrate Judge