UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC E. WALKER,<br><br>Petitioner,<br><br>v.<br><br>ERIC ARNOLD,<br><br>Respondent. | Case No.: 16cv2430-LAB (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, AS MODIFIED; AND**<br><br>**ORDER DENYING PETITION** |

Petitioner Cedric Walker, a prisoner in state custody, brought this action challenging his sentencing in state court over twenty years ago. On September 1, 2016, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. On October 5 and again on November 21 of that year, the Court gave him notice of AEDPA's one-year limitations period. (Docket no. 6.) Then on May 1, 2017, Respondent moved to deny the petition as untimely, because it was filed over many years after the limitations period had expired. This matter was referred to Magistrate Judge Barbara Major for report and recommendation. On August 17, Judge Major issued her report and recommendation (the "R&R"), which recommended that the motion to dismiss be granted and that Petitioner's request for leave to amend be denied. The R&R also denied his requests for an evidentiary hearing, and for appointment of counsel.

/ / /

Petitioner filed a clarification (Docket no. 29) in which he made several clarifications about his traverse. Although it was docketed as a motion for clarification, it is actually a supplement to his opposition to the motion to dismiss (which Walker refers to as a traverse),[1] and also includes a notice regarding his intent to file a motion for leave to amend. The R&R effectively granted his request to clarify by acknowledging his filing as an intended clarification. (R&R at 2:17–19, 4:4–16.) The R&R denied his other requests as moot. (*Id*. at 4:13–14 and n.4.) Any other requests are **DENIED**. The Clerk is directed to terminate the motion.

Beginning on September 5, 2017, Walker filed three requests for extensions of time to file his objections to the R&R, all of which the Court granted. In its final order, the Court pointed out that it appears his petition is time-barred by about eleven and a half years. (Docket no. 39 at 1:22–23.) To show he is entitled to equitable tolling, he would have to show that he was reasonably diligent, but that extraordinary circumstances beyond his control prevented him from filing a petition in this Court during that time. (*Id*. at 1:23–26.) Although Walker repeatedly said he needs his legal papers, he should, the order pointed out, at least have a general idea of why he could not file a petition during that time period. (*Id*. at 2:3–7.)

The Court's final order firmly told Petitioner that he should plan to file his objections to the R&R on time, and gave reasons. (*Id*. at 2:13–24.) If he thought he needed another extension, he was given instructions on how to seek one, and was cautioned to file it early. (*Id*. at 2:26–3:3.)

Walker's objections were due February 19. Instead of preparing and filing those as ordered, however, he submitted an unauthorized proposed amended petition, which does

---

[1] Although Walker labeled it as his Traverse and the document is docketed that way, the R&R explains why it is an opposition rather than a traverse. (R&R at 4 n.3.)

not address the R&R or the R&R's finding of untimeliness,[2] but merely revises and restates his earlier claims. The proposed amended petition would be subject to dismissal for all the same reasons as the current one. Because Walker did not have leave to amend, and because giving him leave to amend would be futile, the proposed amended complaint was rejected for filing. Walker did not request an extension of time to file objections to the R&R, but if he had, it would have been denied. The fact that he prepared and submitted a lengthy proposed amended complaint makes clear he had the ability to prepare and file objections on time.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This section does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

Because Walker has filed no objections, the Court is not obligated to conduct a de novo review of the R&R. Nevertheless, the Court reviewed the R&R, and finds it to be correct. It is not, however, as complete as it might be. The R&R correctly determined that Walker's challenge to his conviction was time-barred by many years, and he was not entitled to equitable tolling. It did not, however, address a more recent claim — most likely because that claim is plainly meritless.

---

[2] Walker mentions denial of certain claims by lower state courts in 2016, as if to suggest the limitations period should run from the latest of those. But filing a petition in 2016 and obtaining a fresh denial by state courts does not resurrect claims that are already time-barred under AEDPA.

That newer claim pertains to revisions in California's Three Strikes law by Propositions 36 and 47, which were effective in 2012 and 2014, respectively. Walker claims the state court erred in failing to reduce his sentence under those provisions. It is unlikely those claims are timely or that he properly exhausted them.[3] But it is clear those claims, based on alleged errors of state law, are not cognizable on federal habeas review. *See, e.g., Adams v. Borders*, 2016 WL 4523163 at *3 (C.D. Cal., July 29, 2016) (citing authority for the principle that challenge to state court's denial of motion to reduce sentence under California Proposition 36 and Proposition 47 was not a cognizable federal habeas claim).

The R&R is **MODIFIED** to include the rejection of Walker's claims based on California Proposition 36 and Proposition 47. So modified, the R&R is **ADOPTED**. Walker's habeas petition is clearly untimely and cannot be saved by amendment.

The petition is **DENIED**. His other requests, including requests for leave to amend, are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: March 1, 2018

Hon. Larry Alan Burns
United States District Judge

---

[3] The California Court of Appeals' denial of relief on March 17, 2016 denied his claims for relief under Propositions 36 and 47, pointing out that he should have sought relief by direct appeal, not in a habeas petition. (Docket no. 1 at 21.) Walker never mentions presenting these claims to the California Supreme Court, as would be required to properly exhaust them.